# EXHIBIT A

MICHAEL K. JEANES
Clerk of the Superior Court
By Shian Smith, Deputy
Date 07/21/2014 Time 14:51:24
Description                    Amount
——— CASE# CV2014-053905 ———
CIVIL NEW COMPLAINT            319.00

TOTAL AMOUNT                   319.00
Receipt# 23902565

1  Michelle R. Matheson #019568
   **MATHESON & MATHESON, P.L.C.**
2  15300 North 90th Street
   Suite 550
3  Scottsdale, Arizona 85260
   (480) 889-8951
4  mmatheson@mathesonlegal.com
   Attorney for Plaintiff
5

6

7            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF MARICOPA**

9  CHERRY PLAMBECK, an individual,     Case No.:

10              Plaintiff,               CV2014-053905

11

12  v.                                  COMPLAINT

13  GOODWILL INDUSTRIES OF
    CENTRAL ARIZONA, INC.,
14

15              Defendant.

16

17        Plaintiff, Cherry Plambeck, for her Complaint, alleges as follows:

18        1.      This case arises out of Defendant's unlawful employment practices.

19  Specifically, Defendant unlawfully failed and refused to pay Plaintiff overtime as

20  required by the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq.

21        2.      Plaintiff is currently and was at all times relevant to this action a resident of

22  Maricopa County, Arizona.

23        3.      Defendant Goodwill Industries of Central Arizona, Inc. is an Arizona

24  corporation licensed to and doing business in Maricopa County, Arizona.

25        4.      The events giving rise to this cause of action occurred in Maricopa County,

26  Arizona.

27        5.      This court has jurisdiction and venue over the subject matter and the parties

28  hereto pursuant to A.R.S. §§ 12-123 and 12-401.

6.     Defendant employed Ms. Plambeck from April 2012 until April 21, 2014 as the executive assistant to Kim Ryder, Defendant's Vice-president of Real Estate and Commercial Maintenance.

7.     Ms. Plambeck customarily and regularly performed non-exempt work for the purposes of the FLSA.

8.     Ms. Plambeck's primary duties involved maintaining Ms. Ryder's calendar, scheduling her appointments, and answering her calls. In addition, Ms. Plambeck was responsible for data entry, compiling documents for Ms. Ryder, and ensuring that various forms and documents were submitted to the appropriate department or individual.

9.     Ms. Plambeck had little, if any authority to deviate from established policies and procedures without prior approval.

10.    Ms. Plambeck did not have the authority to commit Defendant in matters that had significant financial impact.

11.    Ms. Plambeck rarely, if ever, exercised discretion and independent judgment in connection with matters of significance.

12.    Ms. Plambeck was not free from supervision in connection with matters of significance while employed by Defendant.

13.    Ms. Plambeck was paid a base salary for her services but did not receive premium overtime compensation for hours worked over 40 in a workweek.

**COUNT ONE**

**(Failure to Properly Pay Overtime Wages in Violation of the FLSA)**

14.    Plaintiff incorporates by reference the allegations above.

15.    Plaintiff was a "covered employee" and Defendant was Plaintiff's "employer" as those terms are defined by the FLSA.

16.    Defendant is a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. §§ 201-219. Defendant's annual gross volume of sales or business done was not less than $500,000.00 in the four calendar quarters preceding the filing of this complaint.

2

17.     Plaintiff was a nonexempt employee under the FLSA.

18.     Defendant nonetheless classified Plaintiff as "exempt" in an effort to avoid additional overtime compensation due to her under the FLSA.

19.     Defendant was aware or should have been aware that federal law required it to pay overtime to Plaintiff for all time worked in excess of 40 hours per week.

20.     Defendant did not make a good faith effort to ascertain and comply with its obligations under the FLSA.

21.     Plaintiff has suffered economic damages as a result of Defendant's unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to unpaid overtime, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests:

A.     For the Court to declare that Defendant violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff;

B.     For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b);

C.     For the Court to award Plaintiff her reasonable attorneys' fees and costs;

D.     For the Court to award pre-judgment interest on all compensation due, accruing from the date such amounts were due, and post-judgment interest; and

E.     For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper.

///

3

1

2

3

4    DATED this 21st day of July, 2014.

5                                    MATHESON & MATHESON, P.L.C.

6

7                                    By: _____

8                                         Michelle R. Matheson, #019568
                                          Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1  Michelle R. Matheson #019568
   **MATHESON & MATHESON, P.L.C.**
2  15300 North 90th Street
   Suite 550
3  Scottsdale, Arizona 85260
   (480) 889-8951
4  mmatheson@mathesonlegal.com
   **E-Service : fax@mathesonlegal.com**
5  Attorney for Plaintiff

6

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                IN AND FOR THE COUNTY OF MARICOPA

9  CHERRY PLAMBECK, an individual,        Case No.:

10              Plaintiff,                 CV2014-053905
                                           **CERTIFICATE REGARDING**
11  v.                                     **COMPULSORY ARBITRATION**

12
    GOODWILL INDUSTRIES OF
13  CENTRAL ARIZONA, INC.,

14              Defendant.

15

16

17       The undersigned certifies that they know the dollar limits and any other limitations

18  set forth by the local rules of practice for the applicable superior court, and further

19  certifies that this case is within the jurisdictional limit for compulsory arbitration and is

20

21

22

23

24  ///

25

26

27

28

COPY

JUL 21 2014

MICHAEL K. JEANES, CLERK
S. SMITH
DEPUTY CLERK

1   subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona

2   Rules of Civil Procedure.

3

4   DATED this 21st day of July, 2014.

5                                              MATHESON & MATHESON, P.L.C.

6

7                                      By: _____
                                            Michelle R. Matheson, #019568
8                                           Attorney for Plaintiff

9

10  **ORIGINAL** of the foregoing filed
    this 21st day of July 2014, and COPY to:

11

12  Arbitration Department
    Maricopa County Superior Court

13  /s/Christina Hackett
    s:\Wage & Hour\Cert Re Arb - Plainbeck

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

# EXHIBIT B

1  Nonnie L. Shivers, SBN 023460
2  Alexandra J. Gill, SBN 027506
   Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
3  2415 East Camelback Road, Suite 800
   Phoenix, Arizona 85016
4  Telephone: (602) 778-3700
5  Fax: (602) 778-3750
   Nonnie.Shivers@OgletreeDeakins.com
6  Alexandra.Gill@OgletreeDeakins.com
7  Attorneys for Defendant

8           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9              **IN AND FOR THE COUNTY OF MARICOPA**

10  Cherry Plambeck, an individual,              No. CV2014-053905

11                    Plaintiff,                 **NOTICE OF REMOVAL OF ACTION**

12          vs.

13  Goodwill Industries of Central Arizona,
    Inc.,

14                    Defendant.

15

16          **To the Clerk of the above-entitled Court:**

17          PLEASE TAKE NOTICE that Defendant Goodwill Industries of Central Arizona,

18  Inc. has filed a Notice of Removal of this action with the United States District Court for

19  the District of Arizona. A copy of the Notice of Removal filed in the United States District

20  Court is attached hereto as Exhibit A.

21          RESPECTFULLY SUBMITTED this 2nd day of September 2014.

22                                    OGLETREE, DEAKINS, NASH,
23                                    SMOAK & STEWART, P.C.

24                                    By: s/Nonnie L. Shivers
25                                        Nonnie L. Shivers
                                          Alexandra J. Gill
26                                        2415 East Camelback Road, Suite 800
                                          Phoenix, Arizona 85016
27                                        Attorneys for Defendant

28

1   **ORIGINAL E-FILED** and **COPY**
2   of the foregoing mailed this 2nd day
    of September 2014 to:
3
4   Michelle R. Matheson
    Matheson & Matheson, P.L.C.
5   15300 North 90th Street, Suite 550
    Scottsdale, Arizona 85260
6   Attorneys for Plaintiff
7

8
    s/Eva Pintor
9                                                                        18694401.1
10
11

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1  Nonnie L. Shivers, SBN 023460
2  Alexandra J. Gill, SBN 027506
   Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
3  2415 East Camelback Road, Suite 800
   Phoenix, Arizona 85016
4  Telephone: (602) 778-3700
5  Fax: (602) 778-3750
   Nonnie.Shivers@OgletreeDeakins.com
6  Alexandra.Gill@OgletreeDeakins.com

7
   Attorneys for Defendant
8

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF ARIZONA

11
   Cherry Plambeck, an individual,          No. _____
12
                     Plaintiff,             **NOTICE OF REMOVAL OF ACTION**
13                                          **UNDER 28 U.S.C. §§ 1331 AND 1441**
        vs.
14
15  Goodwill Industries of Central Arizona,
    Inc.,
16
                     Defendant.
17

18      TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

19      COURT FOR THE DISTRICT OF ARIZONA, PHOENIX, ARIZONA

20          Defendant Goodwill Industries of Central Arizona, Inc. ("Goodwill"), by and

21  through undersigned counsel, notifies this Court of the removal of the above civil action

22  from the Superior Court of the State of Arizona, Maricopa County, Arizona to the United

23  States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1331, 1441 and

24  1446, and states as follows:

25          1.      Plaintiff filed an action against Defendant on July 21, 2014, in the Superior

26  Court of the State of Arizona, County of Maricopa, and served Defendant on July 31, 2014.

27  This action is entitled *Cherry Plambeck v. Goodwill Industries of Central Arizona, Inc.*,

28  and bears Case Number CV2014-05053905. A true and correct copy of the Complaint,

OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

Summons and Certificate of Compulsory Arbitration are attached as Exhibit A.  Goodwill has not yet answered the Complaint.

2.      Plaintiff Cherry Plambeck's ("Plaintiff") Complaint asserts a single claim arising from alleged violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* which involves federal questions.  Therefore, this Court has original jurisdiction under 28 U.S.C. § 1331, as well as removal jurisdiction under 28 U.S.C. § 1441(b).

3.      This Notice of Removal is timely under 28 U.S.C. §1446(b) because fewer than thirty days have elapsed since Defendant received a copy of Plaintiff's Complaint.

4.      Defendant has served a copy of this notice on Plaintiff and a copy of the notice has also been filed with the Maricopa County Superior Court Clerk pursuant to Rule 3.7 of the Local Rules of the District Court for the District of Arizona.  A copy of the Notice filed with the state court clerk is attached as Exhibit B.

5.      Defendants hereby request that this case be removed from the Maricopa County Superior Court to this Court.

RESPECTFULLY SUBMITTED this 2nd day of September 2014.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: s/Nonnie L. Shivers
     Nonnie L. Shivers
     Alexandra J. Gill
     2415 East Camelback Road, Suite 800
     Phoenix, Arizona 85016
     Attorneys for Defendant

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on the 2nd day of September 2014, I electronically transmitted

3 the attached document to the Clerk's Office using the CM/ECF System for filing and

4 transmittal of Notice of Electronic Filing.  I also hereby certify that on the 2nd day of

5 September 2014, I served the attached document by U.S. Mail on:

6 Michelle R. Matheson

7 Matheson & Matheson, P.L.C.
15300 North 90th Street, Suite 550

8 Scottsdale, Arizona 85260

9 Attorneys for Plaintiff

10

11 s/Eva Pintor

12      18693901.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

# EXHIBIT A

MICHAEL K. JEANES
Clerk of the Superior Court
By Shian Smith, Deputy
Date 07/21/2014 Time 14:51:24

| Description | Amount |
|---|---|
| CASE# CV2014-053905 | |
| CIVIL NEW COMPLAINT | 319.00 |
| TOTAL AMOUNT | 319.00 |
| Receipt# 23902565 | |

1  Michelle R. Matheson #019568
   **MATHESON & MATHESON, P.L.C.**
2  15300 North 90th Street
   Suite 550
3  Scottsdale, Arizona 85260
   (480) 889-8951
4  mmatheson@mathesonlegal.com
   Attorney for Plaintiff
5

6

7            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8             **IN AND FOR THE COUNTY OF MARICOPA**

9  CHERRY PLAMBECK, an individual,      Case No.:

10                Plaintiff,             CV2014-053905

11

12  v.                                   **COMPLAINT**

13  GOODWILL INDUSTRIES OF
    CENTRAL ARIZONA, INC.,
14

15                Defendant.

16

17        Plaintiff, Cherry Plambeck, for her Complaint, alleges as follows:

18        1.     This case arises out of Defendant's unlawful employment practices.

19  Specifically, Defendant unlawfully failed and refused to pay Plaintiff overtime as

20  required by the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq.

21        2.     Plaintiff is currently and was at all times relevant to this action a resident of

22  Maricopa County, Arizona.

23        3.     Defendant Goodwill Industries of Central Arizona, Inc. is an Arizona

24  corporation licensed to and doing business in Maricopa County, Arizona.

25        4.     The events giving rise to this cause of action occurred in Maricopa County,

26  Arizona.

27        5.     This court has jurisdiction and venue over the subject matter and the parties

28  hereto pursuant to A.R.S. §§ 12-123 and 12-401.

6.     Defendant employed Ms. Plambeck from April 2012 until April 21, 2014 as the executive assistant to Kim Ryder, Defendant's Vice-president of Real Estate and Commercial Maintenance.

7.     Ms. Plambeck customarily and regularly performed non-exempt work for the purposes of the FLSA.

8.     Ms. Plambeck's primary duties involved maintaining Ms. Ryder's calendar, scheduling her appointments, and answering her calls. In addition, Ms. Plambeck was responsible for data entry, compiling documents for Ms. Ryder, and ensuring that various forms and documents were submitted to the appropriate department or individual.

9.     Ms. Plambeck had little, if any authority to deviate from established policies and procedures without prior approval.

10.    Ms. Plambeck did not have the authority to commit Defendant in matters that had significant financial impact.

11.    Ms. Plambeck rarely, if ever, exercised discretion and independent judgment in connection with matters of significance.

12.    Ms. Plambeck was not free from supervision in connection with matters of significance while employed by Defendant.

13.    Ms. Plambeck was paid a base salary for her services but did not receive premium overtime compensation for hours worked over 40 in a workweek.

**COUNT ONE**

**(Failure to Properly Pay Overtime Wages in Violation of the FLSA)**

14.    Plaintiff incorporates by reference the allegations above.

15.    Plaintiff was a "covered employee" and Defendant was Plaintiff's "employer" as those terms are defined by the FLSA.

16.    Defendant is a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. §§ 201-219. Defendant's annual gross volume of sales or business done was not less than $500,000.00 in the four calendar quarters preceding the filing of this complaint.

2

17.     Plaintiff was a nonexempt employee under the FLSA.

18.     Defendant nonetheless classified Plaintiff as "exempt" in an effort to avoid additional overtime compensation due to her under the FLSA.

19.     Defendant was aware or should have been aware that federal law required it to pay overtime to Plaintiff for all time worked in excess of 40 hours per week.

20.     Defendant did not make a good faith effort to ascertain and comply with its obligations under the FLSA.

21.     Plaintiff has suffered economic damages as a result of Defendant's unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to unpaid overtime, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

### REQUESTED RELIEF

WHEREFORE, Plaintiff requests:

A.     For the Court to declare that Defendant violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff;

B.     For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b);

C.     For the Court to award Plaintiff her reasonable attorneys' fees and costs;

D.     For the Court to award pre-judgment interest on all compensation due, accruing from the date such amounts were due, and post-judgment interest; and

E.     For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper.

///

1
2
3
4
DATED this 21 day of July, 2014.

5
MATHESON & MATHESON, P.L.C.
6
7
By: _____
8
Michelle R. Matheson, #019568
Attorney for Plaintiff
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

1   Michelle R. Matheson #019568
    MATHESON & MATHESON, P.L.C.
2   15300 North 90ᵗʰ Street
    Suite 550
3   Scottsdale, Arizona 85260
    (480) 889-8951
4   mmatheson@mathesonlegal.com
5   E-Service : fax@mathesonlegal.com
    Attorney for Plaintiff
6

COPY

JUL 21 2014

MICHAEL K. JEANES, CLERK
S. SMITH
DEPUTY CLERK

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                  IN AND FOR THE COUNTY OF MARICOPA

9   CHERRY PLAMBECK, an individual,       Case No.:

10              Plaintiff,               CV 2014-053905
                                         CERTIFICATE REGARDING
11   v.                                  COMPULSORY ARBITRATION

12

13   GOODWILL INDUSTRIES OF
     CENTRAL ARIZONA, INC.,
14
                Defendant.
15

16

17       The undersigned certifies that they know the dollar limits and any other limitations

18   set forth by the local rules of practice for the applicable superior court, and further

19   certifies that this case is within the jurisdictional limit for compulsory arbitration and is

20

21

22

23

24   ///

25

26

27

28

subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona

Rules of Civil Procedure.

DATED this 21st day of July, 2014.

MATHESON & MATHESON, P.L.C.

By: _____
    Michelle R. Matheson, #019568
    Attorney for Plaintiff

**ORIGINAL** of the foregoing filed
this 21st day of July 2014, and COPY to:

Arbitration Department
Maricopa County Superior Court

/s/Christina Hackett
S:\Wage & Hour\Cert Re Arb- Plainbook

2

# EXHIBIT B

Nonnie L. Shivers, SBN 023460
Alexandra J. Gill, SBN 027506
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Fax: (602) 778-3750
Nonnie.Shivers@OgletreeDeakins.com
Alexandra.Gill@OgletreeDeakins.com
Attorneys for Defendant

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| Cherry Plambeck, an individual, | No. CV2014-053905 |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION** |
| vs. | |
| Goodwill Industries of Central Arizona, Inc., | |
| Defendant. | |

**To the Clerk of the above-entitled Court:**

PLEASE TAKE NOTICE that Defendant Goodwill Industries of Central Arizona, Inc. has filed a Notice of Removal of this action with the United States District Court for the District of Arizona. A copy of the Notice of Removal filed in the United States District Court is attached hereto as Exhibit A.

RESPECTFULLY SUBMITTED this 2nd day of September 2014.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: s/Nonnie L. Shivers
    Nonnie L. Shivers
    Alexandra J. Gill
    2415 East Camelback Road, Suite 800
    Phoenix, Arizona 85016
    Attorneys for Defendant

**ORIGINAL E-FILED** and **COPY**
of the foregoing mailed this 2nd day
of September 2014 to:

Michelle R. Matheson
Matheson & Matheson, P.L.C.
15300 North 90th Street, Suite 550
Scottsdale, Arizona 85260
Attorneys for Plaintiff


s/Eva Pintor

18694401.1

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016